LEWIS AND ROCA LLP
MICHAEL J. McCUE (State Bar No. 6055)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
Telephone: (702) 949-8200
Facsimile: (702) 949-8224

HARVEY SISKIND LLP
IAN K. BOYD (State Bar No. 191434) (*pro hac vice* to be submitted)
RAFFI V. ZEROUNIAN (State Bar No. 236388) (*pro hac vice* to be submitted)
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Tel: (415) 354-0100
Fax: (415) 391-7124

Attorneys for Plaintiffs
ROCKSTAR, INC. and
RUSSELL G. WEINER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ROCKSTAR, INC., a Nevada corporation, and RUSSELL G. WEINER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> RAP STAR 360 LLC, a Delaware limited liability company, and ERIC BARRIER, an individual, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRINGEMENT; COMMON LAW UNFAIR COMPETITION; STATUTORY UNFAIR COMPETITION; AND UNJUST ENRICHMENT** <br><br> **JURY TRIAL DEMANDED** |

1    Plaintiffs Rockstar, Inc. and Russell G. Weiner ("Weiner") (collectively, "Plaintiffs" or
2    "Rockstar"), for their Complaint against defendants Rap Star 360, LLC ("Rap Star") and Eric Barrier
3    ("Barrier") (Rap Star and Barrier shall hereinafter be referred to collectively as "Rap Star Energy" or
4    "Defendants") allege as follows:

5                                    **JURISDICTION AND VENUE**

6          1.      This Court has personal jurisdiction over the Defendants because, upon information
7    and belief, they have purposefully availed themselves of the privilege of conducting business in the
8    District of Nevada and Plaintiff's claims arise out of or are related to the Defendants' contacts with
9    the State of Nevada. In addition or in the alternative, the Defendants have committed the tortious
10   acts identified in this Complaint outside of the State of Nevada and have expressly aimed their
11   conduct at the Plaintiff in the State of Nevada, the effects of which the Plaintiffs have suffered in the
12   State of Nevada.

13         2.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28
14   U.S.C. §§ 1331, 1332, 1338 and 1367.  Rockstar's claims are, in part, based on violations of the
15   Lanham Act, as amended, 15 U.S.C. §§ 1051, *et seq*.  The Court has jurisdiction over the state law
16   claims pursuant to 28 U.S.C. §§ 1332, 1338(b), and 1367.

17         3.      Venue properly lies within the District of Nevada pursuant to 28 U.S.C. §1391(b)-(c).

18                                        **THE PARTIES**

19         4.      Plaintiff Rockstar, Inc. is a Nevada corporation with a corporate office in Las Vegas,
20   Nevada. Plaintiff Russell G. Weiner is the Chief Executive Officer of Rockstar, Inc.

21         5.      Plaintiffs are informed and believe, and on that basis allege, that Defendant Rap Star
22   360, LLC is a limited liability company organized and existing under the laws of the State of
23   Delaware.

24         6.      Plaintiffs are informed and believe, and on that basis allege, that Defendant Eric
25   Barrier is an individual who resides in Elmhurst, New York.

26         7.      At all times herein mentioned, each defendant was the agent, employee, partner, joint
27   venturer, aider and abetter, alter ego, and co-conspirator of or with each of the remaining defendants,
28   and in doing the things hereinafter alleged, was acting within the course and scope of such agency,

1   employment, partnership, joint venture, and conspiracy, and each defendant ratified and approved

2   the acts of the remaining defendants.

3   **FACTUAL BACKGROUND**

4   **Rockstar's Business and Trademarks**

5        8.      Mr. Weiner is the owner of numerous U.S. Trademark Registrations for ROCKSTAR

6   and similar marks for energy drinks, which he has licensed to Rockstar, Inc.  These trademark

7   registrations include the following:  ROCKSTAR ENERGY DRINK (U.S. Reg. No. 2613067);

8   ROCKSTAR (Stylized) (U.S. Reg. No. 2784403); PARTY LIKE A ROCKSTAR (U.S. Reg. No.

9   2545247); ROCKSTAR JUICED (U.S. Reg. No. 3190229); ROCKSTAR (U.S. Reg. No. 3398516);

10   ROCKSTAR ROASTED (U.S. Reg. No. 3423897); ROCKSTAR PUNCHED (U.S. Reg. No.

11   3508269); and ROCKSTAR ENERGY SHOT (Stylized) (U.S. Reg. No. 3674171).  True and correct

12   copies of these federal trademark registrations are attached hereto as Exhibit A.

13        9.      Mr. Weiner has continuously and substantially licensed his ROCKSTAR trademarks

14   in interstate commerce for Rockstar, Inc.'s energy drinks since 2001, with great success.  Rockstar,

15   Inc. is a well-known producer and international distributor of such energy beverages as

16   ROCKSTAR ENERGY DRINK®, ROCKSTAR® ZERO CARB, SUGAR FREE ROCKSTAR®,

17   ROCKSTAR JUICED®, ROCKSTAR ROASTED®, ROCKSTAR PUNCHED®, and ROCKSTAR

18   ENERGY SHOT®, in addition to other beverages produced under the authority of Rockstar, Inc.

19   (collectively, "Rockstar Energy Drinks"), which are premium, high-quality energy drinks.

20        10.     In addition to offering energy drinks in 16 ounce, 22 ounce wide mouth, and 24 ounce

21   containers, among others, Rockstar, Inc. has long offered its energy drinks in an 8.4 ounce container

22   under the ROCKSTAR mark.

23        11.     Rockstar Energy Drinks are among the most popular energy drinks in the United

24   States. Rockstar has sold over one **billion** cans of product and its annual sales equal several hundred

25   million dollars.

26        12.     Rockstar Energy Drinks have between 50,000–100,000 nationwide points of

27   distribution, including grocery stores, convenience stores, liquor stores, warehouse retailers (e.g.

28   Costco), restaurants, bars, nightclubs, gas stations, and other retail establishments located throughout

1   the United States. Such points of distribution include, but are not limited to, Safeway, Albertson's,

2   Vons, Walgreens, Longs, Circle K, Publix, Sam's, Wal-Mart, Chevron, Philips 66, Shell-Texaco,

3   and 7-Eleven, among many others.

4         13.    Rockstar also maintains Internet sites on the World Wide Web including those at the

5   following addresses: www.rockstar69.com, www.rockstar69.net, www.rockstarenergy.com, and

6   www.rockstarenergydrink.com, amongst others.

7         14.    Rockstar's beverage containers and promotional and advertising materials feature the

8   tagline PARTY LIKE A ROCKSTAR®.

9         15.    The above registrations provide constructive notice of the registrant's claim of

10  exclusive ownership of these marks. They also constitute prima facie evidence of the validity of

11  these marks, the registrations thereof, and the registrant's exclusive right to use and license said

12  marks in commerce in connection with the goods specified in said registrations, as provided by

13  Sections 7 and 22 of the Lanham Act, 15 U.S.C. §§1057 and 1072.

14        16.    Through its extensive use, Rockstar also owns common law trademark rights in the

15  trademark ROCKSTAR and similar marks for energy drinks, including but not limited to the

16  prominently displayed tagline PARTY LIKE A ROCKSTAR®. Collectively, the federally

17  registered and common law trademarks described in paragraphs 9 through 16 shall be referred to as

18  "ROCKSTAR Marks."

19        17.    Rockstar has devoted substantial time, effort and resources to the development and

20  promotion throughout the United States of the ROCKSTAR Marks. As a result of these promotional

21  efforts, the purchasing public has come to know, rely upon, and recognize the business and goods of

22  Rockstar by such trademarks.

23        18.    By virtue of Rockstar's marketing efforts and expenditures, and as a result of the

24  excellence of its products, Rockstar's ROCKSTAR Marks have achieved a valuable reputation and a

25  high degree of goodwill.

26                                          **Rockstar Star Marks**

27        19.    Among its other trademark rights, Rockstar has for many years used distinctive logos

28  and marks on its products, point-of-sale materials, advertisements, and other marketing and

1  promotional materials that prominently feature a star, both as a substitute for the "A" in
2  ROCKSTAR, and, more prominently, as a stand-alone logo mark ("Rockstar Star Marks").  Typical
3  of the Rockstar Star Marks are the following appearing in Rockstar's U.S. Registration Nos.
4  2784403, 3230400, and 3071688 for ROCKST*R and U.S. Registration No. 2,895,083 for the star
5  logo mark:

6
7
8   
9
10
11
12

13       20.     Since its inception, Rockstar has invested considerable time and money establishing
14  exclusive rights in the Rockstar Star Marks.  Partially by virtue of these efforts, the Rockstar Star
15  Marks are well known by the relevant consumers in the marketplace as originating from Rockstar, in
16  addition to Rockstar's rights in its trademark registrations listed above.

17                                    **Rockstar Trade Dress**

18       21.     Since 2001, Rockstar's beverage containers for its ROCKSTAR ENERGY DRINK®
19  and promotional and advertising materials for Rockstar's products have featured a distinctive black
20  and gold trade dress.  Representative images illustrating certain aspects of the trade dress of
21  Rockstar's well known and distinctive energy drink containers are shown below:

22
23                      
24
25
26

27       22.     Rockstar has devoted substantial time, effort and resources to the development and
28  promotion throughout the United States of energy drinks sold under the trade dress associated with

the ROCKSTAR Marks ("Rockstar Trade Dress").  As a result of these promotional efforts, the purchasing public has come to know, rely upon, and recognize the business and goods of Rockstar by the Rockstar Trade Dress, which distinguishes Rockstar's products from those of others.  As a result, the Rockstar Trade Dress has acquired a secondary meaning in the minds of the consuming public of Nevada and nationwide as identifying or being associated with Rockstar exclusively.  Because of the consistent quality of Rockstar's products marketed in connection with the Rockstar Trade Dress, Rockstar has established valuable goodwill and reputation for those products.  The Rockstar Trade Dress is original, arbitrary, and nonfunctional.

23.   In addition to the ROCKSTAR® trademark and tagline PARTY LIKE A ROCKSTAR®, Rockstar's promotional and advertising efforts prominently feature musical entertainment themes, amongst others, that cover various genres including rap.  Rockstar has expended several million dollars promoting its beverages in its extensive promotions and advertisements, which include a national billboard campaign costing several million dollars, print, on-line advertisements, promotions at various entertainment events including the Rockstar Energy Drink Alternative Press Tour, Rockstar Mayhem Festival, Rockstar Taste of Chaos, Rockstar Energy Drink Get A Life Tour 2008, BMX Bumbershoot Music and Arts Festival, Rock The Planet at Planet Hollywood, Ernie Ball Battle of the Bands, MUCC Tour, Insomniac Attack Tour, American Music Awards, World Music Awards, Radio Music Awards, Soul Train Awards, and TV Land Awards, among many others.  Rockstar was also a title sponsor of the Rock the Bells musical festival, featuring such prominent rap artists as Public Enemy, Wu-Tang Clan, Nas, and Mos Def, amongst many others.   Accordingly, consumers associate energy drinks that are offered in connection with a variety of music themes with Rockstar.

### Rap Star Energy's Business and Infringement

24.   Rockstar has recently learned that Defendants are using the confusing similar trademark RAPSTAR 360 and trade name RAP STAR 360 for a directly competitive energy drink ("RAPSTAR"), which infringes the ROCKSTAR Marks.  Defendants have also adopted a star logo that is strikingly similar to the Rockstar Star Marks.  To further exacerbate confusion, Defendants' promotional materials also depict black and gold product packaging that is confusingly similar in

appearance to the Rockstar Trade Dress.  Rockstar is informed and believes, and on that basis alleges, that Defendants are selling or intend to sell their RAPSTAR energy drinks through some of the same retail outlets where Rockstar sells its energy drinks in Nevada.

**Trademark Infringement**

25.     Defendants have adopted and used the trademark RAPSTAR for an energy drink, despite Rockstar's established common law rights and federal registrations in the ROCKSTAR Marks for energy drinks, without permission or authority from Rockstar.  The RAP STAR 360 trade name and RAPSTAR trademark is nearly identical to Rockstar's ROCKSTAR Marks, as well as their meaning.  Rap Star 360, LLC is the recorded owner of U.S. Trademark Application Ser. No. 77682821 for RAP STAR 360 for "non alcoholic beverages, namely, energy drinks, isotonic drinks, hypertonic drinks, sports drinks and soft drinks."

26.     Rockstar is informed and believes, and on that basis alleges, that Defendants adopted the RAPSTAR trademark and trade name RAP STAR with full knowledge of Rockstar's goods and trademarks, and with the intention that consumers would be confused into believing that Defendants' energy drink was sponsored, associated, or affiliated in some way, with Rockstar.

27.     Rockstar is informed and believes, and on that basis alleges, that Defendants market and promote their confusingly similar energy drinks on the World Wide Web including at the following Internet address:  www.rapstar360.com and www.rapstar360.net , which are very similar to Rockstar's www.rockstar69.com and www.rockstar69.net Internet addresses.  Defendants also market and promote their RAPSTAR energy drinks on Facebook®, Twitter®, YouTube®, and MySpace®.

28.     To further exacerbate consumer confusion, Defendants' also adopted a star logo mark that is confusingly similar to the Rockstar Star Marks.  A representative image of Defendants' star logo mark ("Rap Star Star Logo") and overall trade dress packaging is shown below:



29.     Defendants' product packaging and promotional materials prominently display the Rap Star Star Logo.  In fact, the Rap Star Star Logo is identical to the star that appears on Rockstar's product packaging, and is also tilted.

30.     Rockstar has no control over the nature and quality of Defendants' RAPSTAR energy drink.  Any failure, neglect, default or other negative association arising due to Defendants' promotion and sales of RAPSTAR energy drinks will reflect negatively on Rockstar's reputation and goodwill.  Further, because of the fame of Rockstar's energy drinks, it will be natural for Defendants' customers and potential customers to mistakenly assume that RAPSTAR energy drinks are sold with Rockstar's authorization, sponsorship, or consent.

31.     Because Rockstar's and Defendants' goods are directly competitive, consumers will mistakenly assume that said goods and their sources are associated or affiliated.  Such a result significantly undermines Rockstar's substantial efforts to establish its identity in the highly competitive energy drink field.

**Trade Dress Infringement**

32.     In addition to using a confusingly similar trademark, Rockstar is informed and believes, and on that basis alleges, that without permission or authority from Rockstar, Defendants have infringed Rockstar's Rockstar Trade Dress by making, using, promoting, advertising, selling and/or offering to sell an energy drink known as RAPSTAR using promotional materials and packaging which depict a beverage container and related product packaging that are confusingly similar in appearance to Rockstar's Rockstar Trade Dress.  Amongst other things, the trade dress of Rap Star Energy's energy drink features a black and gold container, similar to Rockstar's original Rockstar Energy Drink, with lettering in similar colors and fonts, a tilted gold star (similar to Rockstar's), and prominent use of the RAPSTAR mark (which is confusingly similar to ROCKSTAR) (collectively, "Rap Star Trade Dress"), all for a product directly competitive to Rockstar's products.

33.     Rockstar is informed and believes, and on that basis alleges, that Defendants' unauthorized use of the Rap Star Trade Dress is intended to trade upon the goodwill and substantial recognition associated with Rockstar's Rockstar Trade Dress.

34.     Rockstar is informed and believes, and on that basis alleges, that Defendants are using the Rap Star Trade Dress in an attempt to associate themselves with Rockstar or otherwise trade upon Rockstar's reputation.

35.     Rockstar is informed and believes, and on that basis alleges, that Defendants' use of the Rap Star Trade Dress is designed to cause confusion, mistake or deception.

36.     Rockstar is informed and believes, and on that basis alleges, that Defendants' purpose is to cause consumers and potential customers to believe that Defendants' RAPSTAR energy drinks are associated with Rockstar or its products when no such association exists.

**Further Allegations**

37.     By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Rockstar's business reputation, caused a strong likelihood of consumer confusion as to the source of origin or relationship of Rockstar's and Defendants' goods, and have otherwise competed unfairly with Rockstar.

38.     Rockstar is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

39.     Defendants' acts complained of herein have caused damage to Rockstar in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from their wrongful actions.

40.     Defendants' acts complained of herein have caused Rockstar to suffer irreparable injury to its business.  Rockstar will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from the wrongful actions complained of herein.

41.     Despite Rockstar's numerous attempts to resolve the dispute amicably, Defendants have persisted in using the RAP STAR trade name and RAPSTAR trademark, Rap Star Star Logo, and Rap Star Trade Dress, leaving Rockstar no choice but to file this Complaint.

### FIRST CAUSE OF ACTION
### (Trademark Infringement)
### (15 U.S.C. § 1114)

42.     Rockstar realleges and incorporates by reference the allegations of Paragraphs 1 through 41.

43.     Defendants' actions as described above and Defendants' use of the RAPSTAR trademark and Rap Star Star Logo to promote their energy drinks constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

44.     Defendants' adoption and use of marks in interstate commerce so similar to Rockstar's ROCKSTAR Marks and Rockstar Star Marks have caused, and continue to cause, irreparable injury to the value and goodwill of the ROCKSTAR Marks and Rockstar Star Marks, as well as to Rockstar's business, goodwill, and reputation. Defendants' actions, if not enjoined, will continue. Rockstar has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

45.     As a result of Defendants' infringement, Rockstar has incurred damages in an amount to be proven at trial consisting of, among other things, diversion of sales, and diminution in the value of its goodwill associated with the ROCKSTAR Marks and Rockstar Star Marks.

46.     Defendants' actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Rockstar's rights. Rockstar is therefore entitled to recover three times the amount of its actual damages, and attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. §1117.

### SECOND CAUSE OF ACTION
### (False Designation and Description; Trade Dress Infringement;
### Unfair Competition Under Federal Law)
### (15 U.S.C. §1125)

47.     Rockstar realleges and incorporates by reference the allegations of Paragraphs 1 through 46.

48.     Consumers have come to identify the popular and distinctive ROCKSTAR Marks with Rockstar exclusively as the single source of energy drinks bearing such trademarks.

49.     Consumers have come to identify the popular and distinctive Rockstar Star Marks with Rockstar exclusively as the single source of energy drinks bearing such trademarks.

50.     Consumers have come to identify the popular and distinctive Rockstar Trade Dress with Rockstar exclusively as the single source of energy drinks bearing such trade dress.  The components or elements of the Rockstar Trade Dress are non-utilitarian and non-functional in nature, and have acquired secondary meaning in the marketplace.

51.     Defendants' interstate use of the designation RAPSTAR and RAP STAR, the Rap Star Star Logo, and confusingly similar trade dress is a false designation of origin, or a false representation, that wrongfully and falsely designates Defendants' goods as originating from, or being connected with, Rockstar, and constitutes the use of false descriptions or representations in interstate commerce.  Defendants' use is likely to deceive consumers into believing that Defendants' goods are those of, or associated with, Rockstar, and as a consequence, Defendants' use is likely to divert, and has diverted, consumers away from Rockstar's goods.

52.     Defendants' actions as described above and their use of the RAP STAR name and RAPSTAR mark, the Rap Star Star Logo, and confusingly similar trade dress to promote their goods to the same audience as that for Rockstar's goods constitutes a false designation of origin and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.

53.     Rockstar is informed and believes, and on that basis alleges, that Defendants deliberately chose trade dress that was confusingly similar to the Rockstar Trade Dress, a trademark confusingly similar to the ROCKSTAR Marks, and a star logo mark confusingly similar to the Rockstar Star Marks.  As such, Defendants' use in commerce constitutes a willful and deliberate false designation of origin and false description, as well as unfair competition with Rockstar and an attempt to palm off or permit others to palm off RAPSTAR energy drinks as those of Rockstar.

54.     Defendants' adoption and use of a mark so similar to the ROCKSTAR Marks and Rockstar Star Marks, and trade dress so similar to the Rockstar Trade Dress for energy drinks, have caused, and continue to cause, irreparable injury to the value of Rockstar's business, goodwill, and reputation.  Defendants' actions, if not enjoined, will continue, including the sale of their goods through the same channels of trade used by Rockstar and to the same customers targeted by

1   Rockstar.  Rockstar has no adequate remedy at law in that the amount of its damages is difficult to

2   ascertain with certainty.

3       55.     As a result of Defendants' infringement, Rockstar has incurred damages in an amount

4   to be proven at trial consisting of, among other things, diversion of sales, and diminution in the

5   value of, and goodwill associated with, the ROCKSTAR Marks, Rockstar Star Marks, and the

6   Rockstar Trade Dress.

7       56.     Defendants' actions as described above are deliberate, willful, fraudulent and without

8   any extenuating circumstances, and constitute a knowing violation of Rockstar's rights.  Rockstar is

9   entitled to recover its actual damages, and attorneys' fees and costs incurred in this action, as this is

10  an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

11                              **THIRD CAUSE OF ACTION**
12                          **(Common Law Unfair Competition)**

13      57.     Rockstar realleges and incorporates by reference the allegations of Paragraphs 1

14  through 56.

15      58.     Defendants' unauthorized use of the RAP STAR trade name and RAPSTAR

16  trademark, Rap Star Star Logo, and confusingly similar trade dress constitutes passing off and unfair

17  competition of the ROCKSTAR Marks, Rockstar Star Marks, and Rockstar Trade Dress in violation

18  of the common law of Nevada.

19      59.     Defendants' wrongful acts have caused and will continue to cause Rockstar

20  irreparable harm.  Rockstar has no adequate remedy at law.

21      60.     Rockstar is entitled to a judgment enjoining and restraining Defendants from

22  engaging in further acts of infringement and unfair competition.

23                              **FOURTH CAUSE OF ACTION**
                            **Nevada Statutory Deceptive Trade Practices**
24                          **(Nevada Revised Statutes §598.0915)**

25      61.     Rockstar realleges and incorporates by reference the allegations of Paragraphs 1

26  through 60.

27      62.     This is an action arising under Nev. Res. Stat. §§ 41.600 and 598.0915, *et. seq.*

28

63.     By reason of Defendants' actions as described above, and Defendants' use of the RAPSTAR Mark, Rap Star Star Logo, and Rap Star Trade Dress, Defendants have intentionally caused a likelihood of confusion among the public and have otherwise engaged in deceptive trade practices in violation of Nev. Res. Stat. § 598.0915, *et. seq.*

64.     Defendants' aforementioned acts have been fraudulent, oppressive and malicious, and have injured Plaintiffs and damaged Plaintiffs in an amount to be determined at trial.

65.     These wrongful acts have proximately caused and will continue to cause Plaintiffs substantial injury, including injury to their reputation, loss of customers, and or diminution in value of the ROCKSTAR Marks, Rockstar Star Marks, and Rockstar Trade Dress.  These actions will cause imminent irreparable harm and injury to Plaintiffs, the amount of which will be difficult to ascertain if they continue.  Plaintiffs are without an adequate remedy at law.

66.     Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct, including but not limited to a preliminary and permanent injunction against Defendants' use of the RAPSTAR Mark, Rap Star Star Logo, and Rap Star Trade Dress.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

67.     Rockstar realleges and incorporates by reference the allegations of Paragraphs 1 through 66.

68.     As a result of their conduct, Defendants have been unjustly enriched at the expense of Rockstar and the law thereby implies a contract by which Defendants must pay to Rockstar the amount by which, in equity and good conscience, Defendants have been unjustly enriched at the expense of Rockstar.

## PRAYER

Wherefore, Plaintiffs pray for:

1.     Entry of an order and judgment requiring that Rap Star 360 LLC and Eric Barrier and their agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from (a) using

1 | in any manner the RAP STAR 360 mark, the RAPSTAR Mark, or any name, mark or domain name

2 | that is confusingly similar to or a colorable imitation of the ROCKSTAR Marks, the Rockstar Star

3 | Marks, and/or the Rockstar Trade Dress including, without limitation, any trade name and trademark

4 | incorporating the term "RAP STAR" or "RAPSTAR"; (b) doing any act or thing calculated or likely

5 | to cause confusion or mistake in the minds of members of the public, or prospective customers of

6 | Rockstar's products, as to the source of the products offered for sale, distributed, or sold, or likely to

7 | deceive members of the public, or prospective customers, into believing that there is some

8 | connection between Rap Star Energy and Rockstar; and (c) committing any acts which will tarnish,

9 | blur, or dilute, or likely to tarnish, blur, or dilute the distinctive quality of the well known

10 | ROCKSTAR Marks, Rockstar Star Marks, and/or Rockstar Trade Dress;

11 | 2.    A judgment ordering Rap Star 360 LLC and Eric Barrier, pursuant to 15 U.S.C.

12 | § 1116(a), to file with this Court and serve upon Rockstar within thirty (30) days after entry of the

13 | injunction, a report in writing under oath setting forth in detail the manner and form in which Rap

14 | Star 360 LLC and Eric Barrier have complied with the injunction, ceased all manufacture and sales

15 | of goods and services under the RAP STAR 360 trade name and RAPSTAR trademark, star logo

16 | mark, and trade dress, and as set forth above;

17 | 3.    A judgment ordering Rap Star 360 LLC and Eric Barrier, pursuant to 15 U.S.C.

18 | § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification

19 | to eliminate the infringing matter, all articles, packages, wrappers, products, displays, labels, signs,

20 | vehicle displays or signs, circulars, kits, packaging, letterhead, business cards, promotional items,

21 | clothing, literature, sales aids, receptacles or other matter in the possession, custody, or under the

22 | control of Rap Star 360 LLC and Eric Barrier or their agents bearing the trademark RAP STAR or

23 | RAPSTAR in any manner, or any mark that is confusingly similar to or a colorable imitation of the

24 | ROCKSTAR Marks, Rockstar Star Marks, and/or Rockstar Trade Dress, including without

25 | limitation the RAP STAR trade name and RAPSTAR trademark, both alone and in combination

26 | with other words or terms, the Rap Star Star Logo, or Rap Star Trade Dress;

27 | 4.    A judgment ordering Rap Star 360, LLC to take all steps necessary to cancel any

28 | trademark application or registration it may have in the U.S., and an order compelling the

1  Commissioner of Trademarks of the United States to cancel federal trademark application Serial No.

2  77/682821;

3      5.      A judgment in the amount of Plaintiffs' actual damages, Rap Star 360, LLC's and

4  Eric Barrier's profits, Plaintiffs' reasonable attorneys' fees and costs of suit, and pre-judgment

5  interest pursuant to 15 U.S.C. §1117;

6      6.      A judgment for enhanced damages under 15 U.S.C. §1117 and punitive damages

7  under state law as appropriate;

8      7.      A judgment granting Plaintiffs such other and further relief as the Court deems just

9  and proper.

10

    Dated:  February 9, 2010              Respectfully submitted,

11

12                                        LEWIS AND ROCA LLP

13

                                          By: /s/_____

14                                            Michael J. McCue
                                              3993 Howard Hughes Parkway, Suite 600
15                                            Las Vegas, NV 89169

16                                        Attorneys for Plaintiffs
                                          Rockstar, Inc. and
17                                        Russell G. Weiner

18

19

20

21

22

23

24

25

26

27

28

1

## JURY DEMAND

2       Plaintiffs Rockstar, Inc. and Russell G. Weiner hereby demand a jury on all such issues

3   triable before a jury.

4

Dated:  February 9, 2010                    Respectfully submitted,

5

6                                           LEWIS AND ROCA LLP

7

8                                           By: /s/_____
                                                Michael J. McCue
9                                               3993 Howard Hughes Parkway, Suite 600
                                                Las Vegas, NV 89169

10

11                                          Attorneys for Plaintiffs
                                            Rockstar, Inc. and
12                                          Russell G. Weiner

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO COMPLAINT**

**EXHIBIT A TO COMPLAINT**

**Int. Cl.: 32**

**Prior U.S. Cls.: 45, 46, and 48**

**United States Patent and Trademark Office**

Reg. No. 2,613,067
Registered Aug. 27, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## ROCKSTAR ENERGY DRINK

WEINER, RUSSELL G. (UNITED STATES INDI-
VIDUAL)
8 ROSS ROAD
SAUSALITO, CA 94965

FOR: SPORTS DRINKS, NAMELY, ENERGY
DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 8-19-1999; IN COMMERCE 1-16-2001.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ENERGY DRINK", APART FROM
THE MARK AS SHOWN.

SN 75-760,313, FILED 8-19-1999.

DANIELLE MATTESSICH, EXAMINING ATTOR-
NEY

Int. Cl.: 32

Prior U.S. Cls.: 45, 46 and 48

Reg. No. 2,784,403

## United States Patent and Trademark Office

Registered Nov. 18, 2003

### TRADEMARK
### PRINCIPAL REGISTER

# ROCKST★R

WEINER, RUSSELL G. (UNITED STATES INDI-
VIDUAL)
P.O. BOX 27740
LAS VEGAS, NV 89126

FOR: SPORTS DRINKS, NAMELY, ENERGY
DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 1-8-1999; IN COMMERCE 1-8-2000.

OWNER OF U.S. REG. NOS. 2,545,247 AND
2,613,067.

SER. NO. 78-194,527, FILED 12-13-2002.

VERNA BETH RIRIE, EXAMINING ATTORNEY

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

## United States Patent and Trademark Office

Reg. No. 2,545,247
Registered Mar. 5, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## PARTY LIKE A ROCKSTAR

WEINER, RUSSELL G. (UNITED STATES CITI-
ZEN)
8 ROSS ROAD
SAUSALITO, CA 94965

FOR: SPORTS DRINKS, NAMELY, ENERGY
DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 8-19-1999; IN COMMERCE 1-8-2001.

SN 75-950,418, FILED 2-29-2000.

RONALD MCMORROW, EXAMINING ATTORNEY

**Int. Cl.: 32**

**Prior U.S. Cls.: 45, 46, and 48**

**United States Patent and Trademark Office**

Reg. No. 3,190,229
Registered Dec. 26, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# ROCKSTAR JUICED

WEINER, RUSSELL G. (UNITED STATES INDI-
VIDUAL)

P.O. BOX 27740

101 CONVENTION CENTER DRIVE, SUITE 777

LAS VEGAS, NV 89126

FOR: SPORTS DRINKS, NAMELY, ENERGY
DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 2-1-2006; IN COMMERCE 2-1-2006.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,545,247, 2,613,067,
AND 2,784,403.

SN 78-773,699, FILED 12-14-2005.

COLLEEN KEARNEY, EXAMINING ATTORNEY

Int. Cl.: 32

Prior U.S. Cls.: 45, 46 and 48

United States Patent and Trademark Office

Reg. No. 3,398,516
Registered Mar. 18, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# ROCKSTAR

WEINER, RUSSELL G. (UNITED STATES INDI-
VIDUAL)

P.O. BOX 27740

101 CONVENTION CENTER DRIVE, SUITE 777

LAS VEGAS, NV 89126

FOR: SPORTS DRINKS, NAMELY, ENERGY
DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 8-19-1999; IN COMMERCE 8-19-1999.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,545,247, 2,613,067,
AND 2,784,403.

SER. NO. 78-862,808, FILED 4-17-2006.

CHRISTOPHER BUONGIORNO, EXAMINING AT-
TORNEY

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

**United States Patent and Trademark Office**

Reg. No. 3,423,897

Registered May 6, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# ROCKSTAR ROASTED

WEINER, RUSSELL G. (UNITED STATES INDI-
VIDUAL)
101 CONVENTION CENTER DRIVE
LAS VEGAS, NV 89126

FOR: ENERGY DRINKS, IN CLASS 32 (U.S. CLS.
45, 46 AND 48).

FIRST USE 12-15-2007; IN COMMERCE 12-15-2007.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,545,247, 2,784,403,
AND OTHERS.

SN 77-187,005, FILED 5-22-2007.

SALLY SHIH, EXAMINING ATTORNEY

Int. Cl.: 32

Prior U.S. Cls.: 45, 46 and 48

Reg. No. 3,508,269

United States Patent and Trademark Office

Registered Sep. 30, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# ROCKSTAR PUNCHED

WEINER, RUSSELL G. (UNITED STATES INDI-
VIDUAL)
SUITE 777
101 CONVENTION CENTER DRIVE
LAS VEGAS, NV 89126

    FOR: ENERGY DRINKS, IN CLASS 32 (U.S. CLS.
45, 46 AND 48).

    FIRST USE 9-15-2007; IN COMMERCE 9-15-2007.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

    SER. NO. 77-407,780, FILED 2-27-2008.

NORA BUCHANAN WILL, EXAMINING ATTOR-
NEY